IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Walter Glass, | ) | C/A No.: 1:20-1972-SAL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Jasmine Hill, Tyatta Davis, and Wali Khan, correctional officers in their official capacities, | ) ) ) ) | ORDER |
| Defendants. | ) ) | |

Walter Glass ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, against Jasmine Hill ("Hill"), Tyatta Davis ("Davis"), and Wali Khan ("Khan") (collectively "Defendants") alleging violations of his rights while incarcerated at Broad River Correctional Institution ("BRCI"). More specifically, Plaintiff brings claims of deliberate indifference, gross negligence, and cruel and unusual punishment arising out of Defendants' alleged actions and inactions, leading to the suspension of both Davis and Khan, and occurring prior to the death of Plaintiff's cellmate, a death for which Plaintiff has been charged. [*See* ECF No. 1 at 5 ("Inmate Starke was dead for [approximately] 13 hours in the cell [b]efore I told the officer he was dead.")].

On November 12, 2020, Plaintiff filed a motion for extension of time to complete discovery that the court granted on the same day, extending the deadline to complete discovery to December 28, 2020. [ECF Nos. 39, 40].[1] This matter is before the court on Plaintiff's motion to produce and "motion to dispositive responce," both filed December 3, 2020, and motion for issuance of subpoenas, filed December 11, 2020. [ECF Nos. 42, 43, 44].

Plaintiff's motion to produce requests a very limited production of documents from Defendants of (1) a copy of the log book dated January 5, 2019, from the area of BRCI Plaintiff was housed on that day, (2) statements from Hill and officer sergeant Cunningham ("Cunningham"), and (3) a copy of "inmates wardens jacket." [ECF No. 42]. Although Defendants oppose this motion, in that Plaintiff failed to properly seek this discovery in accordance with the Federal Rules of Civil Procedure, Defendants note, in the alternative, they will consider this motion Plaintiff's First Request for Production of Documents and respond accordingly, requesting any response to be due within 30 days of the filing of this order. [ECF No. 46]. The undersigned grants Plaintiff's motion, construes it as Plaintiff's First Request for Production of

---

[1] The court also granted Defendants' motion for extension of time, extending the deadline for dispositive motions to be filed to March 16, 2021. [*See* ECF Nos. 48, 49].

2

Documents, and directs Defendants to respond to Plaintiff's request no later than March 2, 2021.

Plaintiff has also filed a motion for "dispositive response," stating Defendants acted with deliberate indifference and were negligent and grossly negligent, providing case law in support. [ECF No. 43]. The substance of this filing is the same as the substance of Plaintiff's motion to amend, which the court denied as futile in that it did not contain the relevant facts and was not complete in itself. [*See* ECF No. 32, ECF No. 36 (citing *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted)). Here, the court denies Plaintiff's instant motion to the extent he again seeks to amend his complaint for the same reasons stated. To the extent Plaintiff seeks to file a dispositive motion, the court denies this motion as premature.

The court also denies Plaintiff's motion for issuance of subpoenas. [ECF No. 44].[2] In this motion, it appears Plaintiff seeks Cunningham and Leon Edwards ("Edwards"), an inmate housed in Perry Correctional Institution

---

[2] The undersigned notes that on November 9, 2020, Plaintiff submitted a letter to the court requesting two subpoenas, but providing no further information. [ECF No. 38].

3

("PCI"), to appear to testify.[3] However, such a request is premature in that this matter is not currently set for trial.[4] To the extent the request is not premature, it is unclear what relevant information Edwards may possess.[5] Additionally, Plaintiff has failed to show that he can pay the costs associated with serving the subpoenas or the costs of witness fees. There is no requirement under 28 U.S.C. § 1915 that the court pay costs incurred with regard to a subpoena. *See Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (inmates proceeding under 28 U.S.C. § 1915 are not entitled to have their discovery costs underwritten or waived); *see also Nance v. King*, No. 88-7286, 1989 WL 126533, at *1 (4th Cir. Oct. 18, 1989) (unpublished opinion). Therefore, because it appears Plaintiff's request for subpoenas is premature and, to the extent it is not premature, Plaintiff has not demonstrated the subpoenas are relevant to the instant case or tendered the necessary fees for the subpoenas, Plaintiff's motion for subpoenas [ECF No. 44] is denied.

---

[3] Plaintiff is also currently housed at PCI. [ECF No. 1 at 2].

[4] To the extent that Plaintiff is seeking to depose these two individuals, his request is denied in that he has failed to so seek consistent with the requirements of the Federal Rules of Civil Procedure, as detailed by Defendants. [*See* ECF No. 47]; *see also Eggleston v. Mitchell*, C/A No. 1:12-1220, 2013 WL 5351053, at *6 (M.D. Pa. Sept. 23, 2013) (recognizing that though the Plaintiff is authorized to take depositions of non-party witnesses, "the plaintiff nevertheless bears the burden of complying with [both] the procedural and financial requirements that such discovery commands.").

[5] Cunningham is a previously-named defendant in this suit, but has been dismissed for Plaintiff's failure to prosecute. [ECF Nos. 30, 51].

In sum, Plaintiff's motions "to dispositive responce" and for issuance of subpoenas are denied. [ECF Nos. 43, 44]. Plaintiff's motion to produce is granted [ECF No. 42], the motion is construed as Plaintiff's First Request for Production of Documents, and Defendants are directed to respond to Plaintiff's request no later than March 2, 2021. To the extent either party needs additional time to file dispositive motions, that party can file the appropriate motion requesting an extension of time.

IT IS SO ORDERED.

February 1, 2021                              Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge