IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Walter Glass | Case No.: 1:20-cv-01972-SAL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Jasmine Hill, Cunningham, Tyatta Davis, and Wali Khan, | |
| Defendants. | |

This matter is before the Court on Plaintiff's motion to compel, ECF No. 67. On April 23, 2021, the Magistrate Judge granted Plaintiff's previous motion to compel the same discovery sought in the present motion. [ECF No. 60 (Plaintiff's motion to compel); ECF No. 61 (order granting Plaintiff's motion to compel)]. In the present motion, ECF No. 67, Plaintiff moves for sanctions based on Defendants' failure to comply with the Magistrate Judge's order, ECF No. 61. Accordingly, the Court construes Plaintiff's motion, ECF No. 67, as a motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2). For the reasons set forth below, Plaintiff's motion for sanctions is granted.

## FACTUAL BACKGROUND

The following is a summary of the factual allegations set forth in Plaintiff's complaint, ECF No. 1. Plaintiff, Walter Glass, is an inmate in South Carolina Department of Corrections ("SCDC") facility Perry CI. On December 28, 2018, Plaintiff was placed in a crisis stabilization unit ("CSU") because he claimed he was hearing voices that were telling him to kill himself. On January 3, 2019, Plaintiff was released from the CSU. Despite claims that he was still hearing voices, SCDC determined that Plaintiff was not in need of CSU or crisis intervention at the time.

The day after his release from the CSU, Plaintiff told Officer Cunningham that he felt he would hurt his roommate, Isaac Starke. The same day, Starke told Officer Jasmine Hill that Plaintiff threatened to kill him. Later the same day, Starke and Plaintiff told Hill that Starke was suicidal and that both inmates needed to go to the CSU. They communicated the same warnings the next day, and Plaintiff once again told Cunningham and Hill that he was "feeling homicidal." Plaintiff alleges that SCDC staff failed to properly check in on the cellmates over the next day and night. At some point during this time period, Plaintiff killed Starke.[1]

Plaintiff seeks damages in an amount of $25,000. He claims killing Starke, being charged with the killing, and being put in "supermax" for a year caused him mental anguish compensable in that amount.

## PROCEDURAL HISTORY OF THE MOTION TO COMPEL

On December 3, 2020, Plaintiff filed a "motion to produce." [ECF No. 42]. This motion requested the following documents from Defendants: (1) a copy of the logbook dated January 5, 2019; (2) statements from Defendant Hill and Officer Cunningham; and (3) a copy of "inmates wardens jacket." *Id.* The Magistrate Judge construed the motion as Plaintiff's first request for production of documents and directed Defendants to respond no later than March 2, 2021. [ECF No. 54]. On March 11, 2021, Plaintiff filed a "letter." [ECF No. 56]. This letter indicated that Defendants failed to respond and failed to move for an extension of time to respond. *Id.* Accordingly, Plaintiff sought sanctions. *Id.* Plaintiff also indicated that he sent a second request for production. *Id.*

On March 16, 2021, Defendants filed a motion to extend the dispositive motion deadline. [ECF No. 57]. They did not move to extend the deadline to respond to Plaintiff's request for production,

---

[1] Based on the record currently before the Court, it is unclear exactly when the killing occurred.

but they noted that they experienced delays in obtaining the documents requested. *Id.* However, they stated they were now in possession of the documents and were processing them for release to the Plaintiff. *Id.* Defendants stated they expected to produce the documents within the week. *Id.* Defendants' motion to extend the dispositive motion deadline was granted. [ECF No. 58].

On April 8, 2021, Plaintiff moved to compel the documents. [ECF No. 60]. Plaintiff stated that he still had not received the three documents sought in his first request for production. *Id.* He also stated that he had not received his medical file.[2] The Magistrate Judge granted the motion to compel and warned Defendants that failure to comply may result in sanctions. [ECF No. 61]. Defendants were ordered to provide responses to the discovery requests by May 7, 2021. *Id.*

On May 17, 2021, Plaintiff filed another motion to compel and moved for sanctions. [ECF No. 67]. He stated that he had still not received the four documents and moved the Court to sanction Defendants. Defendants responded, ECF No. 68. Defendants attached a certificate of service stating they served responses to Plaintiff's request for production on May 13, 2021. [ECF No. 68-1]. However, in the motion, Defendants stated they were having difficulty obtaining some of the documents and stated they would produce them as they became available. [ECF No. 68]. Defendants also noted that part of the delay was due to personal issues at Defendants' counsel's office that have led to staffing issues. *Id.* Plaintiff's motion to compel and for sanctions, ECF No. 67, which the Court construes as a motion for sanctions, is currently before the Court.

---

[2] It appears from the record that Plaintiff requested his medical file in his second request for production.

## DISCUSSION

Rule 37(b)(2)(A)[3] provides comprehensively for sanctions for failure to obey discovery orders.

Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2289 (3d ed.).  Rule 37(b)(2)(A) reads:

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  The various paragraphs of Rule 37(b)(2)(A), setting out an array of possible sanctions, are not mutually exclusive.  Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2289 (3d ed.).  "[T]he application of sanctions is entrusted to the discretion of the trial judge, and overleniency is to be avoided where it results in inadequate protection of discovery." *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970).

---

[3] Rule 37(b)(2)(C), applicable to every case in which sanctions are imposed under that subsection of the rule, provides that in lieu of any of the orders authorized in Rule 37(b)(2)(A) or (B), or in addition thereto, the court must require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.  Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2289 (3d ed.).  However, in this case, Plaintiff is proceeding pro se. Accordingly, an award of attorneys fees is not applicable.

Here, the Magistrate Judge directed Defendants to provide responses to the discovery requests by May 7, 2021. [ECF No. 61]. Defendants were advised that failure to comply with the Court's order may result in sanctions. *Id.* Plaintiff's motion for sanctions, filed on May 17, 2021, indicates that Defendants failed to comply with the Magistrate Judge's discovery order. [ECF No. 67]. In response, Defendants attached a certificate of service but acknowledged they were having difficulty producing some of the documents. [ECF No. 68].

The Court finds the application of sanctions appropriate in this matter to ensure the just, speedy, and inexpensive determination of the action. *See U. S. for Use of Weston & Brooker Co. v. Cont'l Cas. Co.,* 303 F.2d 91, 92 (4th Cir. 1962). Defendants are in violation of the Magistrate Judge's discovery order. If, as Defendants assert, they were having trouble obtaining the documents, Defendants could have moved the Court to extend the deadline for good cause. Fed. R. Civ. P. 6(b). Instead, Defendants failed to comply with the discovery order. Accordingly, the Court will impose sanctions for failure to comply with a court order pursuant to Fed. R. Civ. P. 37(b)(2).

Rule 37(b)(2)(A)(iv) provides that the Court may stay further proceedings until a discovery order is obeyed. Proceedings in this action are stayed for 30 days or until Defendants comply with the Magistrate Judge's order, ECF No. 61. If Defendants fail to comply within thirty days, the Court will prohibit Defendants from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence pursuant to Rule 37(b)(2)(A)(ii).

## CONCLUSION

Plaintiff's motion for sanctions, ECF No. 67, is GRANTED. Pursuant to Rule 37(b)(2)(A)(iv), proceedings in this action are STAYED for thirty days or until Defendants comply with the Magistrate Judge's order, ECF No. 61. If Defendants fail to comply within thirty days, the Court

will prohibit Defendants from supporting or opposing designated claims or defenses or from introducing designated matters in evidence pursuant to Rule 37(b)(2)(A)(ii).

IT IS SO ORDERED.

/s/Sherri A. Lydon

June 14, 2021                                    Sherri A. Lydon
Florence, South Carolina                         United States District Judge